The Chancellor.
At September term, 1845, of the Circuit Court of the county of Atlantic, Enoch Doughty, the complainant, commenced a suit, by summons in assumpsit, against Nathaniel Doughty, the defendant’s testator. The bill alleges that the suit was brought to recover a debt of upwards of $3000, which Nathaniel Doughty owed the complainant on book of account. On the second of December, 1845, Nathaniel Doughty filed his bill in this court, and obtained an injunction against the complainant, enjoining him from further prosecuting his said suit at law. There was a protracted litigation in the suit in chancery, which was finally determined in the Court of Errors and Appeals. The result was, that on the 19th of March, eighteen hundred and fifty, the bill was dismissed, with costs, upon its merits.
Nathaniel Doughty died the 23d November, 1852, and the defendant took out letters testamentary upon his will, of which she was the executrix. On the 24th of November, eighteen hundred and fifty-four, the complainant commenced a suit at law in the Atlantic Circuit Court by summons in assumpsit against the defendant. The bill alleges that this suit at law is for the same cause of action for which the suit at law against Nathaniel Doughty was brought and the prosecution of which was restrained by the injunction of this court.
It appears, then, by the statement of the bill, that little *349 upwards of eleven years elapsed between the commencement of the first and of the second suit at law; that the first suit was enjoined by this court for about four years and six months; that a period of about two years and eight months elapsed, after the dissolution of the injunction, to the death of Nathaniel Doughty; and that, from the death of Nathaniel Doughty up to the time of bringing the last suit at law, there were upwards of eighteen months permitted to expire, deducting the six months which, by the statute, a suit against the executor was prohibited from being brought.
The object of the bill is to obtain an injunction to prevent the defendant from pleading the statute of limitations in the suit against her at law.
Where this court has, by the solicitation of a suitor invoking the aid of this court for his relief, interfered with the legal rights of another, and impaired his remedy at law, it would seem to be right, and the duty of the court, to protect the party whose rights had been thus interfered with against any undue advantage attempted to be taken by the other party, at whose solicitation the power of this court was called into action. It would be nnconscientious for a party to plead the statute of limitations against an adversary who, at his solicitation, had been enjoined from prosecuting his suit; and it would seem to be the appropriate remedy, that the same instrument which he had used to interrupt the legal proceedings of another, should be interposed as a shield to prevent his taking an undue advantage of such interruption. One acknowledged principle, on which courts of equity give relief’ is to prevent an advantage gained at law from being used against conscience. Bond v. Hopkins, 1 Schs. and Lef. 413 ; 2 Story’s Eq. J. § 1521 and notes; Anonymous, 2 Cas. in Ch. 217; Pulteney v. Warren, 6 Ves. 73. Nor do I see any necessity of this court’s assuming jurisdiction of the whole subject of controversy, and withdrawing the suit from the court of law, to be finally settled here. There is no necessity *350 of doing this in order to give adequate relief. The party obtains all the relief he requires if this court enjoins his adversary from interposing the statute of limitations as a plea in the suit at law. This is a simple mode of relieving the party, and no good reason has been suggested why the court may not exercise its jurisdiction in this way.
But although there is no difficulty in the court’s giving this relief in a proper case, the question is, whether the complainant is in a position to call upon this court for aid, and whether he has not, by his own laches, forfeited any claim he might otherwise have had to the interposition of the court on his behalf.
First. The injunction granted by this court did not place the original defendant in the suit at law, nor the defendant in the present suit at law, in a position to take advantage of the complainant by pleading the statute of limitations. When the injunction was dissolved, the plaintiff in the suit at law was left free to prosecute his action. The fact of there having been an injunction could not in any way regulate or affect the defendant’s pleadings. He could no more plead the statute of limitations then than he could have pleaded it if there had been no interruption ; because the plea must have been, not that six years had expired from the time the cause of action arose to the time of filing the plea, but to the time of the commencement of the suit. The injunction of this court was not in the immediate cause of the position in which the complainant now finds himself, and from which he asks to be relieved. We must look, then, for the immediate cause of the complainant’s embarrassment.
During the progress of the suit in chancery, the complainant’s attorney in the suit at law died. After the dissolution of the injunction, no summons or declaration of action could be found on the records of the court. The loss of this record, and not the injunction, has caused the embarrassment. It will not do to say, that the injunction was the remote and primary cause of the difficulty; that *351 if the injunction had not interrupted the proceedings the papers would not have been lost. The loss of the papers is a misfortune, from the consequences of which this court cannot relieve the complainant.
But, secondly. The laches of the complainant have been great, and no excuse for them has been offered which can avail the party in a court of equity. Nathaniel Doughty died in November, 1852, two years and eight months after the injunction was dissolved. During this period, the complainant took no steps to revive his old suit at law, or to institute a new one. He allowed two more years to pass after Nathaniel Doughty’s death, and he then commences the existing suit, in aid of which this court is asked to interpose. Here, then, was a delay of more than three years. The only excuse for it which is given in the bill is, that during this period, the complainant was recovering from the effects of his loss of money and of time expended in his litigation in chancery. Such an excuse cannot avail the complainant. If he has lost any legal rights, the loss is to he attributed not to the injunction of this court, hut to the complainant’s own inexcusable negligence and laches. The defendant has been greatly prejudiced by this delay. The suit is brought upon a running account of long standing, and one which requires the information, which the party himself only could give, to explain. He is dead. The cause might have been decided in his lifetime. The delay of the complainant has prevented it. His own delay and negligence have caused his present embarrassment.
The injunction is denied with costs.